NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 5, 2010
Decided November 5, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1995

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-CR-149-BBC-01 |
| ERNESTO ABEYTA, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Ernesto Abeyta pleaded guilty to possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c). The district court sentenced him below the guidelines range to 84 months' imprisonment for the drug offense and to a mandatory consecutive prison term of 60 months for the gun crime, for a total of 144 months. In this appeal Abeyta argues that the district court violated his right to due process by allowing personal prejudice and speculation to affect the choice of sentence. We affirm the district court's judgment.

Neither party objected to the calculations in the presentence report: a statutory minimum of 60 months for the gun offense and a guidelines range of 108 to 135 months for the drug crime. That range was based on a cocaine quantity of 5 to 15 kilograms, and a criminal history category of III. The criminal history points came from four battery

convictions, three of them involving Abeyta's wife as the victim.

At sentencing, counsel for Abeyta urged the district court to impose a below-range prison term for the cocaine offense. Counsel noted, among other things, that Abeyta had never been to prison and, in counsel's view, had a low risk of recidivism because he is married, has a family, and had worked steadily. Abeyta's cousin also described how Abeyta had been a positive influence on her daughters and Abeyta's own sons.

The district court described Abeyta as an "odd mixture of qualities," loving from the viewpoint of his family yet willing to sell drugs in order "to live the good life." The court scrutinized Abeyta's mitigation arguments:

> I listen to your counsel say this is the first time you'll be in jail, et cetera, as if you were leading an absolutely pure life before 2009, and the pre-sentence report show that that's not true. There are appalling instances of battery of your wife. Appalling. And when your lawyer says in your behalf that you're married, that makes my skin crawl because the way that you've treated your wife is inexcusable. Inexcusable.
>
> The fights that you've had with her, the fact that you beat her up when you were on probation in Indiana, what kind of example does that set to—for your children, for your boys that you're trying to raise to be good people in the future. What kind of example does it give your children when you support yourself as a drug dealer?

After acknowledging the guidelines range, the court noted:

> You've spent a majority of your life in Madison. You have a supportive family and no known mental health problems. But you do have a serious propensity to violence as shown by your prior criminal convictions and your possession of a firearm in furtherance of your drug trafficking activities. You do not admit to having any addictions or any signs of substance abuse, but a search of your residence revealed a quantity of anabolic steroids. If you were using them, that might explain your tendency to use violent methods of conflict resolution.

Abeyta did not protest these statements.

Abeyta argues on appeal that the district court violated due process by letting personal prejudice and speculation affect the term of imprisonment for his drug conviction.

A district court violates due process if it relies on speculation, unfounded assumptions, or personal bias in sentencing a defendant. *United States v. England*, 555 F.3d 616, 622 (7th Cir. 2009); *Franklin v. McCaughtry*, 398 F.3d 955, 959 (7th Cir. 2005).

The personal prejudice, says Abeyta, is shown by the sentencing judge's characterization of the batteries committed against his wife as "appalling" and the judge's statement that Abeyta's use of his marriage as a mitigating factor made her "skin crawl." Abeyta relies on *United States v. Bakker*, 925 F.2d 728, 740 (4th Cir. 1991), which held that televangelist James Bakker was denied due process when the sentencing judge injected his own religious views into the sentencing process. The comparison to *Bakker*, however, is exaggerated. Abeyta himself made his marriage relevant by invoking it as a basis for leniency, and he cannot fault the district judge for explaining—even in strong terms—that she would not allow Abeyta to use his marriage as a mitigating factor when he had been convicted of physically abusing his wife. *See United States v. Diekemper*, 604 F.3d 345, 352-53 (7th Cir. 2010) (explaining that sentencing judge's strongly worded comments about defendant's marriage and character did not show bias where comments reflected facts before the court).

Regarding speculation, Abeyta contends that the district court relied on unfounded assumptions about his character and criminal history. Abeyta had argued that the court should look favorably on the fact that he had never been imprisoned, which prompted the court to reply that Abeyta was using his lack of jail time to give the impression he was "leading an absolutely pure life before 2009." The district court noted that Abeyta's lack of prison time gave a false impression of his criminal history. The presentence report shows five prior convictions for violent activity that did not lead to prison time. (Abeyta says he has only four convictions, since two of his battery convictions are related and were scored only once by the probation officer.) The court also said that Abeyta's past crimes and his current federal conviction for possession of a firearm were evidence of a "serious propensity to violence." Abeyta argues that this characterization is hyperbole, but the presentence report supports the court's statements. Abeyta was convicted in 1995 of disorderly conduct for making threats, and in 1999 he was convicted of battery for punching a bar employee in the mouth. His most-recent battery convictions stem from his physical abuse of his wife. On two different days in December 2001 he beat his wife, the first time for an hour and the second time for 20 to 30 minutes. These attacks left her with extensive injuries, including bruising from strikes to her face and head, as well as her arms, back, and leg. Then in August 2004 Abeyta broke her nose and fractured one of her ribs, and in November of that year he tried to prevent her from leaving the house by pushing and kicking her. His probation for the 2004 assaults was revoked in 2007 after he assaulted his wife again. Accordingly, contrary to Abeyta's contentions, the district court did not impermissibly rely on speculation about his character and criminal history.

Abeyta also asserts that there is no foundation in the record for the district court's comment that, although he did not admit to having addictions or signs of substance abuse, steroids may have contributed to his violent past. According to Abeyta, he did admit using marijuana and alcohol and, he insists, there is nothing in the record about his use of steroids. He also points out that the court permitted him to participate in substance-abuse education and treatment while in prison, showing that the court knew he used drugs. But the presentence report records that Abeyta had said that his marijuana use ended in 2003 following the birth of his son and that his use of alcohol was not excessive. The report also documents that anabolic steroids were discovered at Abeyta's house in 2007. So there was evidence of potential past steroid use and that Abeyta had stopped using drugs, and thus support for the district court's statement that, although he had stopped using drugs, steroid use may have contributed to his past abuse of his wife.

AFFIRMED.